

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00495-CR

Ramiro Alfredo **MORA** III a/k/a Ramiro Alfred Mora III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the Criminal District Court 1, Tarrant County, Texas
Trial Court No. 1237653D
The Honorable Sharen Wilson, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED

A jury found appellant, Ramiro Alfredo Mora III, guilty of murder for causing the death of Linda Holland.  In two issues on appeal, appellant contends (1) the evidence was legally insufficient to support his conviction, and (2) the trial court erred in denying his motion for new trial.  We affirm.

## BACKGROUND

Linda Holland and Morgan Webb both lived at the Hidden Valley Estates Apartments located in Fort Worth, Texas.  On the evening of April 21, 2011, Holland was visiting with Webb

and asked if Webb would loan her money for bus fare. Webb told Holland she did not have any money to loan. After visiting for a while, Holland said she knew someone who might be able to lend her money. Webb followed Holland to appellant's apartment located in the same complex. After a short time inside appellant's apartment, Webb stated she felt uncomfortable and decided to go back to her apartment to get her boyfriend, Steven Dennis. Webb left Holland alone with appellant in his apartment for approximately five to fifteen minutes before returning.

Upon returning to appellant's apartment with Dennis, Webb knocked on appellant's door several times but did not receive a response. Webb then opened appellant's door and called out for Holland. Holland cried out to Webb requesting help. Webb and Dennis entered appellant's apartment and found Holland lying injured on the balcony. Holland had been stabbed multiple times and had a knife protruding from her head when she was discovered. Holland died shortly thereafter as a result of the knife wounds she suffered.

## Legal Sufficiency

In his first issue, appellant challenges the legal sufficiency of the evidence supporting his conviction for murder. Appellant argues the State failed to prove each and every element of the offense because the investigation focused on him too early in the investigatory process and failed to fully investigate other potential suspects. The State responds the evidence at trial was sufficient to sustain the murder conviction.

### A. Standard of Review

In reviewing the legal sufficiency of the evidence, we must view "the evidence in the light most favorable to the verdict" and determine whether "any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Under this standard, evidence may be insufficient to support a conviction in two circumstances: "(1) the

record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt." *Bearth v. State*, 361 S.W.3d 135, 138 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson*, 443 U.S. at 320). We do not ask whether we believe the evidence at trial established guilt beyond a reasonable doubt, instead, the standard requires we defer to the fact-finder's credibility and weight determination and consider only whether the jury reached a rational decision. *Brooks*, 323 S.W.3d at 899.

**B. Analysis**

A person commits murder if he intentionally or knowingly causes the death of another, or intends to cause serious bodily injury and commits an act clearly dangerous to human life which causes death. TEX. PENAL CODE ANN. § 19.02(b)(1), (b)(2) (West 2011).

Holland lived in the same apartment complex as Webb and appellant. Webb testified Holland appeared to know appellant when she and Webb entered his apartment, and Holland was last seen alone with appellant five to fifteen minutes before she was found stabbed on the balcony. The medical examiner's evidence showed Holland suffered thirty-one stab wounds and eleven cuts on her body. The medical examiner testified Holland's right carotid artery was completely severed, which caused Holland to lose a large quantity of blood and eventually led to her death.

At the time he was apprehended, appellant was located a short distance from his apartment in the parking lot of the Hidden Valley Estates Apartment complex. Blood was found on his hands, pants, and on the shirt he was holding. Samples of the blood were submitted for DNA testing. A forensic analyst testified the blood found on appellant's hands, pants, and shirt matched the DNA profile of Holland with 99.99% accuracy.

Appellant asserts this evidence is insufficient because the jury ignored Holland's dying declaration that someone named "Pierre" had attacked her. Officer Craig Chambers was the first

police officer to arrive at the scene of the crime. Chambers testified Webb flagged him down as he was driving through the apartment complex. Webb led Chambers to Holland where Chambers found Holland lying on appellant's apartment balcony. Chambers testified Holland had lost a significant amount of blood and had fast, shallow breathing upon his arrival. Chambers testified he asked Holland several times who had attacked her but failed to receive a response. After several attempts, Chambers testified Holland's lips began to move somewhat. Chambers leaned over and heard what he thought was the name "Pierre." Chambers testified he was several feet above Holland as she attempted to communicate with him, that her volume was not very loud, and that he had to watch her lips as she spoke to him in an effort to decipher what she was attempting to say.

Appellant argues the evidence is insufficient to support his conviction because the jury ignored Holland's dying declaration. We disagree. The jury is the sole judge of witness credibility and the weight to be given to their testimony. *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Additionally, "it is unnecessary for every fact to point directly and independently to the guilt of the accused; it is enough if the finding of guilt is warranted by the cumulative force of all the incriminating evidence." *Id*. Here, the jury heard Officer Chambers' testimony about how he thought Holland said the name "Pierre" when he asked Holland who attacked her. The jury also heard other evidence, including witness testimony and DNA analysis, introduced by the State that led them to conclude beyond a reasonable doubt appellant murdered Holland. Thus, we conclude the evidence is legally sufficient to support a finding that a rational fact finder could have found the essential elements of murder beyond a reasonable doubt.

## MOTION FOR MISTRIAL

In his second, third, and fourth issues, appellant contends the trial court abused its discretion when it denied his motion for new trial.

Appellant was found guilty by a unanimous jury and elected to have the jury assess punishment. Appellant asked to poll the jury and each juror responded "yes" when asked whether the guilty verdict was theirs. Prior to the jury assessing punishment, a juror sent the trial court a note requesting to speak to the judge. The juror told the trial court that he had thought of a scenario where he could have found appellant not guilty. The trial court advised the juror "after [the jury] reach[es] a verdict of guilty, there is no going back from that." After a brief discussion, the juror assured the trial court he had not spoken with anybody else about his concern and he still thought appellant was guilty. The judge reported the conversation to the prosecutors and defense attorneys. Appellant then moved for a mistrial on the grounds the verdict was not unanimous, improper jury deliberation, and improper jury communication. The trial court denied appellant's motion for new trial.

Appellant concedes under current law, once a jury is polled and each juror affirms his verdict, the verdict is unanimous. *See, e.g.*, *Miranda-Canales v. State*, 368 S.W.3d 870, 875 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *Wood v. State*, 87 S.W.3d 735, 736 (Tex. App.— Texarkana 2002, no pet.). However, appellant "invites this [c]ourt to review the current state of Texas law in this area and rule that a juror [is allowed] to change his or her mind and rescind a vote to convict as long as that revocation is made prior to the commencement of the punishment hearing." We decline appellant's invitation. The jury unanimously found appellant guilty and, when polled, each juror answered in the affirmative when asked if the guilty verdict was theirs. Accordingly, we cannot say the trial court abused its discretion when it denied appellant's motion for mistrial after a juror later expressed reservations concerning the verdict. *See Miranda-Canales*, 368 S.W.3d at 876 (concluding trial court did not abuse its discretion when juror expressed post-verdict reservations concerning guilty verdict).

## CONCLUSION

We conclude the evidence is sufficient to find appellant guilty of murder, and the trial court did not abuse its discretion in denying the motion for new trial. Accordingly, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish