*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-07-00565-CR

Jeffrey Michael **THOMPSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. 4645
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Catherine Stone, Justice

Sitting:     Alma L. López, Chief Justice
     Catherine Stone, Justice
     Sandee Bryan Marion, Justice

Delivered and Filed:   October 15, 2008

AFFIRMED

Jeffrey Michael Thompson was convicted of the offense of injury to a child and was

sentenced to 80 years confinement by a jury. On appeal, Thompson contends: (1) the trial court

erred by allowing a witness to testify while holding the injured child during the guilt-innocence

phase of the trial; and (2) the State engaged in improper closing argument during the punishment

phase. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Thompson lived in a recreational vehicle with his girlfriend Delane and two of her children. One of Delane's children, D.O., was a little more than five months old at the time he was injured after being left alone with Thompson. On May 23, 2005, D.O. suffered severe head trauma, including skull fractures on the back and side of his head, bruising on his face and ear, severe bleeding in his brain, and retinal hemorrhages in both eyes.

Dr. James Anderst, an expert in abusive trauma to children, testified that the injuries were too numerous and too spread out around D.O.'s head to have been accidentally caused. Dr. Anderst explained that the injuries were not consistent with any of the three explanations Thompson gave in statements to police, i.e., (1) D.O. had fallen from the bed; (2) Thompson had fallen while holding D.O.; and (3) Thompson tossed D.O. on the bed and D.O. bounced onto the metal frame of the bed.

Delane also testified about an injury D.O. suffered on May 1, 2005 twenty-two days before the injury at issue, also while D.O. was in Thompson's care. At that time, Thompson told Delane that D.O. had fallen from the bed.

## SHOWING THE VICTIM'S INJURIES TO THE JURY

Thompson contends he is entitled to a new trial because the trial court erred by permitting Delane to hold D.O. while she testified during the guilt-innocence phase of the trial. Thompson contends that displaying D.O.'s severely debilitated condition to the jury while testifying about D.O.'s current condition was unfairly prejudicial, unnecessarily inflamed the minds of the jury, and was irrelevant to the central issue of guilt or innocence.[1] Thompson contends that Dr. Anderst's

---

[1] Thompson's appellate argument focuses on the injuries to the victim, D.O., but addresses the issue of "victim impact testimony", however "[v]ictim impact evidence is evidence of the effect of an offense on people other than the victim." *Roberts v. State*, 220 S.W.3d 521, 531 (Tex. Crim. App. 2007).

testimony was sufficient to prove D.O.'s injuries and that the probative value of allowing the jury to see D.O. was outweighed by the danger of unfair prejudice. We review the trial court's decision to admit evidence under an abuse of discretion standard, and we will reverse only if we determine the trial court's decision was arbitrary and unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005); *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).

The Texas Rules of Evidence provide that relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996). Consequently, "Rule 403 requires exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Id.*

Although Thompson acknowledges that evidence relating to D.O.'s injuries was relevant to establishing the offense of injury to a child, he nonetheless argues that the testimony the jury heard from Dr. Anderst was more than sufficient to prove D.O.'s injuries to the jury. However, we cannot say a clear disparity exists between the degree of prejudice the live display had on Thompson and the display's probative value to the jury. The jury heard testimony during trial that D.O. should have reached the developmental stage of a 2.5 year old child by the time of trial, and that D.O. had not developed normally due to the injuries he sustained from Thompson. A visual depiction of D.O. allowed the jury to observe D.O.'s physical condition and see how D.O. had not developed normally. The visual display of D.O thus enabled the jury to pass upon the seriousness of D.O.'s

injuries. While the visual depiction of D.O. may have incidentally aroused the passion of the jury, we hold the live display of D.O. was not unfairly prejudicial to Thompson. *See generally Chamberlain v. State*, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999) (holding the trial court did not err in admitting gruesome crime scene photos, that depicted nothing outside of what was included in the testimony of the witnesses, because the photos were not unduly prejudicial to the defendant). The trial court therefore did not abuse its discretion in allowing the jury to view D.O. at trial.

### JURY ARGUMENT

Thompson contends that the State engaged in improper jury argument at the penalty phase by alluding to the May 1st injury to argue that Thompson had previously injured D.O. Thompson objected and was overruled three times during the State's arguments. Jury argument is appropriate if it falls within one of the following: (1) a summation of the evidence; (2) a reasonable deduction from the evidence; (3) an answer to argument of opposing counsel; and (4) a plea for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Even when argument exceeds these permissible bounds it is not reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Id.*

Thompson argues on appeal there was no evidence to support the State's contention that Thompson had previously injured D.O. The record, however, contradicts Thompson's contention. During cross-examination by Thompson's attorney, Delane was asked about three hospital visits for D.O. in the month preceding the May 23rd injury to D.O. Delane testified that D.O. was injured on May 1st while he had been left in Thompson's care. She said Thompson claimed that D.O. had fallen from the bed. She testified that D.O. had a large knot on his head, and that for the next three

weeks, D.O. was fussy and unable to hold down food.  Dr. Anderst reviewed D.O.'s medical records from the May 1st injury and testified that the May 1st injury was consistent with abusive head trauma, although he acknowledged that it could have been accidental trauma as well.  This evidence of the May 1st injury provided a sufficient basis for the prosecutor to argue, as a reasonable deduction of the evidence, that Thompson had previously injured D.O.  *See id.*

## CONCLUSION

The judgment of the trial court is affirmed.


Catherine Stone, Justice


PUBLISH