**Driss NASSOURI, Appellant**

**v.**

**The STATE of Texas, Appellee**

**No. 04–15–00280–CR**

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: May 16, 2016

Nancy B. Barohn, Attorney at Law, Philip J. Lynch Jr., San Antonio, TX, for Appellant.

Nicolas A. LaHood, District Attorney, Bexar County, Lauren A. Scott, Assistant District Attorney, San Antonio, TX. for Appellee.

Sitting: Karen Angelini, Justice, Rebeca C. Martinez, Justice, Patricia O. Alvarez, Justice

## OPINION

Patricia O. Alvarez, Justice

Appellant Driss Nassouri was charged in a three-count indictment: one count of continuous sexual abuse of a child and two counts of indecency with a child by sexual contact. The jury found Nassouri guilty on both counts of indecency with a child and not guilty of the continuous sexual assault. The jury subsequently imposed confinement in the Institutional Division of the Texas Department of Criminal Justice for terms of nine years and five years, respectively, on the indecency charges and the trial court ordered the sentences be served concurrently. On appeal, Nassouri contends the trial court erred as follows: (1) permitting the State to support the victim's credibility with evidence of her religious beliefs in violation of Texas Rule of Evidence 610, (2) admitting text messages that were not properly authenticated in violation of Texas Rule of Evidence 901(a), and (3) admitting the victim's testimony regarding the text messages in violation of Texas Rules of Evidence 401 and 403. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

On May 27, 2012, San Antonio Police Officer Matthew Morales was dispatched for a call alleging a sexual offense involving a child. Upon his arrival, he was notified that the fourteen-year-old complainant made an outcry to her step-father, Mohammed Mohammedi. The child alleged that her father, Appellant Driss Nassouri, had "touched me with his middle part inside me, from behind, and his hands in my middle part."

Nassouri was subsequently indicted on two counts of indecency with a child and one count of continuous sexual abuse of a child; the case was called to trial on February 2, 2015. The State's evidence consisted of the testimony of the following: the victim's step-father, the victim, and the officer. During the victim's testimony, she described several incidents occurring at the house her mother rented from her "Uncle Mark" and several incidents at the Northgate apartments. She testified regarding where the incidents occurred, how she felt at the time, and her fear of telling anyone. Although she was unable to provide dates, the victim was able to identify where she and her family were living at the time of the incidents and the school she was attending. When the State inquired why she did not tell anyone prior to telling her step-dad, the victim explained, "I was disappointed that [Nassouri] would do that. He's my dad. He hurt me—I expected him to be a father, but he hurt

me; and I was just scared that he would hurt me or anybody else in my family."

Following extensive cross-examination of the victim, two defense witnesses who questioned the victim's credibility, and the State recalling the victim in rebuttal, the jury returned a guilty verdict on both counts of indecency and a not guilty verdict on the continuous sexual abuse allegation. The jury subsequently assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for nine years and five years, respectively, and the trial court ordered that the sentences run concurrently. This appeal ensued.

### STANDARD OF REVIEW

"We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard." *Sandoval v. State,* 409 S.W.3d 259, 297 (Tex.App.—Austin 2013, no pet.); *accord Rodriguez v. State,* 203 S.W.3d 837, 841 (Tex.Crim.App. 2006); *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim. App.1991) (op. on reh'g) (quoting *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985)); *accord Thompson v. State,* 274 S.W.3d 776, 778 (Tex.App.—San Antonio 2008, no pet.). When considering a trial court's decision to admit or exclude evidence, we will not reverse the ruling unless it falls outside the zone of reasonable disagreement. *McGee v. State,* 233 S.W.3d 315, 318 (Tex. Crim.App.2007); *see also Lee v. State,* 442 S.W.3d 569, 575 (Tex.App.—San Antonio 2014, no pet.).

We first address Nassouri's contention that the trial court erred in permitting the State to elicit testimony of the victim's religious beliefs, for the purpose of supporting the victim's credibility, in violation of Texas Rules of Evidence 610. *See* TEX.R. EVID. 610.

### TEXAS RULE OF EVIDENCE 610

■ "Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." *Id.*; *accord Reyna v. State,* 168 S.W.3d 173, 181 (Tex.Crim.App.2005). "'[B]olstering' occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party." *Cohn v. State,* 849 S.W.2d 817, 819 (Tex.Crim.App.1993) (citing *Sledge v. State,* 686 S.W.2d 127, 129 (Tex. Crim.App.1984)).

#### 1. Testimony Elicited at Trial

During an extensive cross-examination of the victim, defense counsel questioned the victim about her headscarf. She explained that, at a certain point of maturity, her religion required her "to wear it." During the State's redirect examination, the victim denied being pressured by anyone to tell lies about her father. Over defense counsel's objection that the question was irrelevant and improper bolstering, the victim answered affirmatively to the following question:

> State: In your makeup, in your belief system, do you believe it would be wrong to make up such a lie?

Nassouri now contends the State's question resulted in improper bolstering in direct violation of evidentiary Rule 610. *See* TEX.R. EVID. 610. The State counters that Nassouri's objection at trial was based solely on improper bolstering and, because his objection did not solicit a ruling pursuant to Rule 610, his issue on appeal does not comport with his objection before the trial court. *See* TEX.R.APP. P. 33.1(a)(1);

*Ibarra v. State,* 11 S.W.3d 189, 197 (Tex. Crim.App.1999) ("Because his trial objection does not comport with the issue raised on appeal, he has preserved nothing for review.").

Because there are no special words required to lodge an objection before the trial court, *see Ford v. State,* 305 S.W.3d 530, 533 (Tex.Crim.App.2009), and appellate courts "liberally construe briefs to avoid waiver and obtain a just, fair, and equitable adjudication of [the] litigant's rights," *see Marroquin v. State,* 112 S.W.3d 295, 303 (Tex.App.—El Paso 2003, no pet.), we first consider whether the question was improper bolstering and, second, whether the question violated Rule 610 by invoking the victim's religion in an attempt to support her credibility.

### 2. Improper Bolstering

During trial, the defense counsel objected that the State's question was "improper, bolstering [of] the witness." We look to *Skeen v. State,* 96 S.W.3d 567, 579 (Tex.App.—Texarkana 2002, pet. ref'd), for guidance on whether the elicited testimony was improper bolstering. In *Skeen,* during the State's redirect examination, the following exchange occurred:

State: Okay. You're a police officer. Correct?

Witness: That's correct.

State: Why would you lie about something?

Witness: I wouldn't.

*Id.* On appeal, Skeen argued the questioning amounted to improper bolstering. The appellate court concluded "Skeen's counsel opened the door to such questioning by implying the witness had fabricated his testimony and it was a product of rehearsal. When a witness has been impeached, the subsequent rehabilitation of a witness is not considered improper bolstering." *Id.*

This case is no different. Defense counsel's entire cross-examination was an attempt to show the victim lied about the alleged abuse. Because defense counsel opened the door to the State's redirect examination and subsequent rehabilitation of its witness, regarding whether the victim's testimony was truthful or fabricated, we cannot conclude the trial court abused its discretion in concluding the State's question did not amount to improper bolstering. *See id.*

### 3. Analysis Pursuant to Texas Rule of Evidence 610

We next look to whether the testimony violated evidentiary Rule 610's prohibition against invoking the witness's religion in an attempt to support her credibility. *See* TEX.R. EVID. 610.

As previously discussed, the questions posed by Nassouri's counsel during the victim's cross-examination were directed toward Nassouri's defense that the complainant fabricated the alleged abuse. Additionally, the record substantiates that defense counsel, not the State, invoked the complainant's religion and her compliance with the Muslim religion's requirement for women to wear head coverings. We further note that Nassouri's religion, as well as that of Mohammadi and the victim, were freely discussed and addressed throughout the trial.

Based on (1) defense counsel's opening the door to the victim's religious beliefs during cross-examination, (2) defense counsel's direct attack on the victim's credibility, veracity, and truthfulness regarding whether the alleged incidents occurred, and (3) the very limited nature of the State's question, we cannot conclude the trial court abused its discretion in allowing the testimony in question. *See Skeen,* 96 S.W.3d at 579; *cf. Neelys v. State,* 374 S.W.3d 553, 562–63 (Tex.App.—Houston

[14th Dist.] 2012, pet. ref'd) (addressing appellant's issue about witness's "frequent statements reflecting the strength and prominence of her religious beliefs, invocations to a higher power, claims that a higher power assisted and communicated with her"). Accordingly, we overrule Nassouri's first issue on appeal.

We next turn to the text messages from Mohammadi's cell phone wherein the victim exchanged text messages with another student regarding "weed," "cutting herself," and the allegations against Nassouri.

### VICTIM'S TEXT MESSAGES

In his second and third issues, Nassouri asserts the text messages were inadmissible hearsay, not properly authenticated, and were more prejudicial than probative.

Hearsay is defined as an out-of-court statement offered for "the truth of the matter asserted." TEX.R. EVID. 801(d); accord Sanchez v. State, 354 S.W.3d 476, 484 (Tex.Crim.App.2011). "Hearsay testimony is inadmissible except as provided by statute or the rules of evidence." Lee, 442 S.W.3d at 575; accord TEX.R. EVID. 802. Whether an out-of-court statement falls under an exception to the hearsay rule is within the trial court's discretion. See Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim.App.2003) (citing Lawton v. State, 913 S.W.2d 542, 553 (Tex.Crim. App.1995); Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim.App.1994)). "[T]he trial court has considerable discretion in determining how and when bias may be proved, and what collateral evidence is material for that purpose." Felan v. State, 44 S.W.3d 249, 254 (Tex.App.—Fort Worth 2001, pet. ref'd) (citing Recer v. State, 821 S.W.2d 715, 717 (Tex.App.—Houston [14th Dist.] 1991, no pet.)).

A trial court's decision whether evidence is properly authenticated, or whether the proper predicate has been laid, is similarly reviewed under an abuse of discretion standard. See Butler v. State, 459 S.W.3d 595, 600 (Tex.Crim.App.2015).

### A. Testimony Before the Jury

During the State's direct examination of Mohammadi, there were several discussions of the victim's bad behavior and events that led the victim to make an outcry to Mohammadi of her father's alleged abuse. During its presentation of evidence, the defense presented two witnesses—the victim's fifth grade teacher and an investigator with Child Protective Services—to attack the victim's credibility and reputation as being untruthful.

After the defense rested, the State recalled the victim and moved to admit (1) a photo of the victim, at a younger age, with her little brother and Nassouri and (2) a three-page exhibit containing copies of text messages, dated May 16, 2013, between the victim and a friend. Defense counsel's objection to the admission of the photograph was overruled.

Outside the presence of the jury, the trial court conducted an extensive hearing regarding the admissibility of the three-page text message exhibit. Defense counsel objected on several grounds, including authentication, hearsay, Brady violations, and the Confrontation Clause. The trial court overruled the first three objections; and, after instructing the State to redact any portion of the text messages not made by the victim, the trial court overruled defense counsel's Confrontation Clause objection. "I'll overrule your confrontation clause [objection], if the State redacts [the exhibit]. If the State seeks to introduce the whole thing, I'll sustain the confrontation clause [objection]."

The jury was reseated and the State proceeded to ask the victim questions pertaining to the text message exhibit. De-

fense counsel reurged all of his previous objections. The trial court requested to review the State's exhibit and then *sustained the objection.* Thus, although Nassouri contends the exhibit was admitted at trial, the record clearly establishes the three-page text message exhibit was *never admitted* by the trial court. The trial court did, however, allow the witness to refresh her memory with the exhibit. *See* TEX.R. EVID. 612 (allowing use of written document to refresh a witness's memory); *Rodriguez v. State,* 446 S.W.3d 520, 538 (Tex.App.—San Antonio 2014, no pet.) (same).

The State limited its questions to what the witness "told" her friend. Specifically, the victim testified as follows:

Victim: I'd asked him what he thinks about people who cut themselves or smoke weed.

State: And then without saying what he said, then how did you respond to him?

Victim: After what he said?

State: Did you tell him why, why you cut yourself?

Victim: Because I had been through a lot, like, all the stuff that's happening to me, it kind of takes away the pain and stuff.

. . . .

I was talking about all the stuff that I had to think about when I was sexually assaulted and how I hadn't told anyone and how—how it's just a lot of stuff to handle.

### B. Authentication

Nassouri argues the text messages should not have been admitted because they were not properly authenticated pursuant to Rule 901 of the Texas Rules of Evidence. *See* TEX. R. EVID 901(a) (requiring "the proponent [to] produce evidence sufficient to support a finding that the item is what the proponent claims it is"); *Butler,* 459 S.W.3d at 600–01 (explaining that text messages may be authenticated pursuant to Rule 901). However, as we previously discussed, the trial court sustained defense counsel's objection and the text messages *were never admitted* as evidence before the jury. We, therefore, overrule Nassouri's second issue—that the text messages should not have been admitted into evidence for lack of authentication.

### C. More Prejudicial Than Probative

In his final issue on appeal, Nassouri contends the text messages were inadmissible hearsay pursuant to Texas Rules of Evidence 401 and 403. *See* TEX.R. EVID. 401 (requiring evidence have a "tendency to make a fact more or less probable than it would be without the evidence"); *id.* R. 403 (requiring even relevant evidence be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice").

Outside the presence of the jury, defense counsel lodged the following objection:

Well, we think the whole context of the text and all of this—but, specifically, I believe the reason that they would be offering this is: "Okay, well, I do [weed and cutting] because of the shit that has happened in my life," end quote.

We believe that the whole string in [the three-page text message exhibit] is prejudicial and its probative value is not outweighed by that.

The objection was overruled. When the State recalled the victim during its rebuttal, defense counsel did not object to the victim's testimony pursuant to either Rule 401 or Rule 403. *See* TEX. R. EVID. 401, 403.

On appeal, Nassouri asserts the text messages were vague and unsupported by evidence in the record. He further contends the State misstated the evidence during its closing argument when it provided a summary of the victim's testimony based on the text messages. Finally he argues "the text message evidence was more prejudicial than probative." Although we overrule any appellate complaint regarding the admission of the three-page text message exhibit, we construe defense counsel's objection that the probative value of the testimony was outweighed by its prejudice to include the victim's testimony regarding her cutting herself and "using weed." *See Ford,* 305 S.W.3d at 533.

▮▮▮▮ " 'Relevant evidence is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Segovia v. State,* 467 S.W.3d 545, 551 (Tex.App.—San Antonio 2015, pet. ref'd) (quoting *Manuel v. State,* 357 S.W.3d 66, 74 (Tex.App.—Tyler 2011, pet. ref'd) (quoting Tex.R. Evid. 401)). Under Rule 403, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence. *See* Tex.R. Evid. 403. "[A] trial court may exclude any relevant evidence if its probative value is substantially outweighed by any or all of the countervailing factors specified in Rule 403." *Winegarner v. State,* 235 S.W.3d 787, 791 (Tex.Crim.App. 2007) (citing *Gigliobianco v. State,* 210 S.W.3d 637, 640 (Tex.Crim.App.2006)).

Here, the testimony in question focused on the victim's experiences and statements following the alleged abuse. The victim was allowed to refresh her memory with the text messages, but the trial court did not allow her to read directly from the actual text messages during her testimony. We remain mindful that we must afford deference to the trial court's determination that the probative value of the evidence is not outweighed by the danger of unfair prejudice. *See Moses v. State,* 105 S.W.3d 622, 627 (Tex.Crim.App.2003). More specifically, it is not mere prejudice that will render the evidence inadmissible, but rather the admission of the evidence must be *unfairly* prejudicial. *See* Tex.R. Evid. 403 (emphasis added); *Casey v. State,* 215 S.W.3d 870, 883 (Tex.Crim.App.2007) ("Evidence is unfairly prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justifies its admission into evidence.").

Based on a review of the evidence, we cannot say the trial court abused its discretion in concluding the evidence was more probative than prejudicial. Nassouri's entire defense rested on his contention that the incidents alleged by the victim did not occur and that her outcry was the result of an attempt to explain her bad behavior and not because Nassouri touched her inappropriately. Defense counsel extensively cross-examined the victim. Additionally, he attacked her credibility through other witnesses. Thus, the trial court could reasonably determine that the testimony in question, offered during the State's rebuttal, was probative of the victim's state of mind and rebutted Nassouri's defense at trial, and any potential prejudice was outweighed by defense counsel's ability to cross-examine the victim regarding the statements in question.

Accordingly, we overrule Nassouri's third issue—his Rule 401 and Rule 403 evidentiary complaints pertaining to the victim's testimony regarding the text messages in question.

## CONCLUSION

Having overruled each of Nassouri's issues on appeal, we affirm the trial court's judgment.