**Modesto Reyes RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1157–92.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 24, 1993.

Grady L. Roberts, Jr., Pearsall, for appellant.

Ilse D. Bailey, County Atty., Pro Tem, Kerrville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A jury found appellant guilty of driving while intoxicated, and assessed punishment at 180 days in jail, probated for two years, and a fine of $500. The Court of Appeals reversed appellant's conviction, finding that the trial court had erred in the procedure he used for polling the jury. *Rodriguez v. State*, 830 S.W.2d 282 (Tex.App.—San Antonio 1992).

This Court granted the State's petition for discretionary review to decide whether the Court of Appeals properly interpreted articles 37.01, 37.05 and 37.10 of the Code of Criminal Procedure as they apply to the receipt of jury verdicts. After careful review of the petition and the opinion of the Court of Appeals, we have determined that the state's petition for discretionary review was improvidently granted. Accordingly, it is dismissed.

MILLER, Judge, dissenting on State's Petition for Discretionary Review.

I am at a loss to discover exactly what statutory procedure the trial judge in this case failed to follow. The relevant articles of the Code of Criminal Procedure that are theoretically involved are Article 37.04, 37.-05 [1] and 37.10. Actually Article 37.05 is not involved since neither party asked that the jury be polled. From a plain reading of Article 37.05 such a request seems necessary before that article becomes effective. On its face Article 37.04 has not been violated. As to Article 37.10, under the facts of this case the procedure outlined therein seems to have been followed. Assuming we can equate the word "informal" in 37.10 with what happened here (that the jury foreman signed the wrong verdict form) then attention was called to that error and certainly the jury consented to the verdict being reduced to its "proper" form. It is obvious from the record that the jury foreman did err in signing the "not guilty" verdict form and equally obvious that after consulting with the jury the trial court either corrected the verdict itself or had someone else do it under "the direction of the court".

Further it appears obvious to me that appellant has waived error in this case. By failing to invoke Article 37.05 and asking that the jury be polled, and further by objecting to the jury retiring to the jury room for further deliberations, it appears to me that appellant "boxed in" the trial court to basically the course of action that the judge in this case ultimately chose.

Considering all of the above, I am mystified, both at the reasoning employed by the majority and at the result reached. I dissent.

WHITE, J., joins this opinion.

---

**1.** Articles 37.04 and 37.05 of the Code of Criminal Procedure read as follows:

**Art. 37.04  When Jury Has Agreed**

When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.

**Art. 37.05  Polling the Jury**

The State or the defendant shall have the right to have the jury polled, which is done by calling separately the name of each juror and asking him if the verdict is his. If all, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror answer in the negative, the jury shall retire again to consider its verdict.