**Affirmed and Memorandum Opinion filed October 27, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00718-CR

**HENRY DEMOND DORSEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1370868**

## MEMORANDUM OPINION

We consider three questions in this appeal from a conviction for murder: (1) whether the admission of evidence violated appellant's rights under the Confrontation Clause; (2) whether the verdict was truly unanimous; and (3) whether appellant was denied the effective assistance of trial counsel. Finding no error in connection with any of these stated issues, we affirm the judgment of the trial court.

## BACKGROUND

A fistfight broke out near the entrance to an after-hours nightclub. One of the men involved in the fight pulled out a gun and fired multiple shots into the crowd. Two of the bullets struck and killed the complainant. Surveillance footage showed that the complainant had played no role in the fight and had merely been standing in the background. The shooter ran off, but he was later caught and identified as appellant.

## CONFRONTATION CLAUSE

The complainant's body was sent to the medical examiner's office, where an autopsy was performed by a new doctor participating in a forensics pathology fellowship program. The fellow did not testify at appellant's trial. Testimony was elicited instead from an assistant medical examiner who had supervised the fellow. The assistant medical examiner testified that she was present for the complainant's autopsy, she reviewed the fellow's autopsy report, and she co-signed the autopsy report after making corrections to it.

At trial, the State offered into evidence a collection of photographs that were taken during the autopsy. Appellant objected to the admission of these photographs, claiming that the absence of the fellow deprived him of his rights under the Confrontation Clause. Continuing with the same reasoning, appellant also argued that the autopsy report should be excluded in the event that the State sought its admission. The trial court overruled the objection and admitted the photographs, which were then published to the jury. The State never offered the autopsy report into evidence.

In his first issue, appellant contends that the admission of certain evidence violated his rights under the Confrontation Clause. We review a trial court's ruling

admitting or excluding evidence for an abuse of discretion. *See McCarty v. State,* 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). Under this standard, the trial court's ruling will be upheld if it is reasonably supported by the record and correct under any applicable theory of law. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We give the trial court almost complete deference in determining historical facts, but we review de novo the trial court's application of law to those facts. *See Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

The Sixth Amendment's Confrontation Clause provides that a defendant in a criminal prosecution "shall enjoy the right . . . to be confronted with the witnesses against him." *See* U.S. Const. amend. VI. This right applies not only to in-court testimony, but also to out-of-court statements that are testimonial in nature. *See Crawford v. Washington*, 541 U.S. 36, 50–51 (2004). Whether an out-of-court statement is testimonial is a question of law for the court to decide. *See De la Paz v. State*, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008).

Appellant styles this issue by asserting that "the trial court erred by violating [his] right to confrontation of the [fellow] who actually performed the autopsy." Appellant addresses several points within this issue, beginning with a complaint about the supposed admission of the complainant's autopsy report. But, as we stated above, the State did not offer the autopsy report into evidence, and the trial court did not admit it. Thus, even assuming that the autopsy report contained testimonial statements, there was no violation of the Confrontation Clause.

Appellant then addresses the autopsy photographs, which were actually admitted into evidence. But, in his own brief, appellant concedes that his trial counsel's objection to the admission of these photographs "should fail upon appellate review." "This is so," appellant explains, "because this Court has held that an autopsy photograph is not a testimonial statement." *See Herrera v. State*,

367 S.W.3d 762, 773 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("An autopsy photograph, however, is not a testimonial statement.") (citing *Wood v. State*, 299 S.W.3d 200, 214–15 (Tex. App.—Austin 2009, no pet.)). Appellant has not argued that *Herrera* is incorrect or should be revisited in light of more recent authority. Therefore, applying our prior precedent, we hold that appellant's rights under the Confrontation Clause were not violated when the trial court admitted the autopsy photographs.

Appellant finally complains in very general terms about the testimony of the assistant medical examiner, who observed the autopsy, but did not perform it. The argument is without merit because appellant never objected to any portion of the assistant medical examiner's live testimony. He objected instead to the admission of certain exhibits. Without a timely and specific objection, appellant forfeited this complaint. *See* Tex. R. App. P. 33.1; *Thacker v. State*, 999 S.W.2d 56, 61 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

Moreover, even if he had objected, the argument would still fail because the assistant medical examiner was questioned about her own observations and opinions, not those of the fellow who performed the autopsy. Thus, the trial court did not erroneously admit testimonial hearsay in violation of appellant's rights under the Confrontation Clause. *See also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1 (2009) (noting that the Confrontation Clause does not demand "that everyone who laid hands on the evidence must be called").

## UNANIMOUS VERDICT

In his second issue, appellant complains about an irregularity during the jury polling process.

4

When the jury returned its verdict, the trial court asked the jurors to affirm that they had all voted to find appellant guilty. Collectively, the jurors answered, "Yes." Appellant then asked for the jurors to be polled individually. The poll happened as follows:

CLERK: [J.L.], is this your verdict?
JUROR: It is.
CLERK: [J.R.], is this your verdict?
No [J.R.]?
[S.G.], is this your verdict?
JUROR: It is.
CLERK: [A.N.], is this your verdict?
JUROR: It is.
CLERK: [J.P.], is this your verdict?
JUROR: It is.
CLERK: [R.G.], is this your verdict?
JUROR: Yes.
CLERK: [D.V.], is this your verdict?
JUROR: Yes.
CLERK: [R.D.], is this your verdict?
JUROR: It is.
CLERK: [R.B.], is this your verdict?
JUROR: Yes.
CLERK: [K.P.], is this your verdict?
JUROR: Yes.
CLERK: [S.P.], is this your verdict?
JUROR: It is.
CLERK: And [S.M.], is this your verdict?
JUROR: Yes.

COURT:   That's only 11.

Who did not answer? Who was not polled? What's your name, sir?

JUROR:   [R.V.].

COURT:   What was your juror number in the panel?

JUROR:   Fifty-five.

CLERK:   Fifty-five, [R.V.], is this your verdict?

COURT:   All right. So, members of the jury, we are going to recess for the day and have you come back Monday morning. We'll start on punishment on Monday morning. . . .

Appellant contends that the trial court ran afoul of Article 37.05, which provides that the jury must retire again to consider its verdict if any juror, when polled, answers that the verdict is not his own. *See* Tex. Code Crim. Proc. art. 37.05. Instead of calling for a recess, appellant argues that the trial court should have retired the jury because "two jurors did not respond affirmatively to the polled question." Appellant appears to be referring to J.R., who was called second by the clerk, and R.V., who was called last. It is clear, however, that J.R.'s name was called inadvertently. His name is marked on the strike list and he could not have been an actual member of the jury. Twelve other names were called, including R.V.'s, and each of those twelve jurors spoke on the record.

The court reporter did not record a verbal or nonverbal response from R.V. when he was polled. However, the trial court continued the proceedings as though R.V. had made an affirmative response, and appellant did not object to R.V.'s response or nonresponse.

A defendant must timely object to error in the jury polling process, as error of this type is subject to forfeiture. *See Barnett v. State*, 189 S.W.3d 272, 277 (Tex. Crim. App. 2006) (concluding that a defendant had forfeited any error by failing to object when the trial court asked improper questions during the jury polling

process). Because appellant did not object when R.V. was polled, he forfeited any claim that the trial court failed to comply with Article 37.05. *Id.*

Even if appellant had objected, his claim would still fail because the trial court's obligation to retire the jury is triggered only when a juror answers that a verdict is not his own. *See Llorance v. State*, 999 S.W.2d 866, 869 (Tex. App.— Houston [14th Dist.] 1999, no pet.) (holding that a juror's procedural question did not amount to an answer in the negative). Here, the record does not reflect that R.V. gave a negative answer. The tenor of the trial court's closing remarks suggests instead that R.V. gave an affirmative nonverbal answer that his verdict was in accord with the other eleven jurors. We conclude that appellant's complaint is without merit.

## INEFFECTIVE ASSISTANCE CLAIM

Appellant also contends that the assistance of his trial counsel was constitutionally ineffective. In two separate issues, each relating to the punishment phase of his trial, appellant complains that counsel presented no mitigation evidence and counsel's closing argument merely recited the evidence produced by the State.

We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). Under *Strickland*, the defendant must prove that his trial counsel's representation was deficient, and that the deficient performance was so serious that it deprived him of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. A deficient performance will only deprive the defendant of a fair trial if it prejudices the defense. *Id.* at 691–92. To demonstrate prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make

the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that counsel's actions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to counsel's strategy, we will not conclude that the defendant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the defendant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination. *See McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994).

8

Moreover, it is not sufficient that the defendant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *See Mata*, 226 S.W.3d at 430. Rather, to establish that counsel's acts or omissions were outside the range of professionally competent assistance, the defendant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

We begin with appellant's complaint that his trial counsel produced no mitigation evidence during the punishment phase of trial. To prevail on such a claim, the record must affirmatively demonstrate that mitigation witnesses were available to testify and that their testimony would have benefited the defense. *See Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986); *Wade v. State*, 164 S.W.3d 788, 796 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The record is silent on these points. Appellant did not file a motion for new trial or otherwise establish that mitigation evidence existed. His complaint is therefore without merit.

In a related issue, appellant also complains about counsel's performance in closing arguments. During his argument to the jury, counsel openly confessed that he "simply chose not to put on a case for you in punishment." Counsel then sympathized with the complainant's family and expressed regret that the complainant had been caught in the fray of a shooting. Counsel said that appellant was still a human being though, not a monster, and counsel implored the jury to choose its own sentence, without offering a recommended sentence.

In his brief, appellant argues that counsel's performance was deficient because counsel recited the State's evidence and never emphasized appellant's own good character traits. But, as we mentioned earlier, the record does not contain any mitigation evidence that counsel could emphasize. Furthermore, the

record is silent as to counsel's reasons and strategies during closing argument. We could not deem counsel constitutionally ineffective without speculating as to his motivations, which we are not permitted to do. *See Lumpkin v. State*, 129 S.W.3d 659, 665 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Appellant has not shown that his counsel's performance fell below the range of reasonable professional judgment, or that he was prejudiced by his counsel's performance. *See Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (rejecting ineffective assistance claim where counsel sympathized with the complainants during closing arguments); *see also Martin v. State*, 265 S.W.3d 435, 447 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (explaining that counsel may reasonably choose to recite facts that the jury would have remembered anyways so that counsel might convince the jury to put aside those facts with rhetorical devices such as empathy).

## CONCLUSION

The trial court's judgment is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

10