

## NUMBER 13-19-00415-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**EDDIE GUADALUPE RODRIGUEZ,**                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                     **Appellee.**

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Chief Justice Contreras

Appellant Eddie Guadalupe Rodriguez appeals his two convictions for indecency with a child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a). By two issues, Rodriguez argues the trial court erred when it denied him (1) a new trial and (2) full cross examination of a witness. We affirm.

## I.  BACKGROUND

In January 2015, Rodriguez was indicted for the two offenses. He pleaded not guilty and proceeded to trial.

At trial in May 2019, the evidence showed that Rodriguez was a seventeen-year-old swimming instructor at the Edinburg municipal pool at the time of the underlying events. Two students of Rodriguez aged eight and nine years old accused him of inappropriately touching their genitals during swim lessons. During Rodriguez's cross examination of M.V.,[1] the mother of one of the children, he sought to question her about a possible financial motive behind the child's allegations. Specifically, Rodriguez sought to question her about a bankruptcy filing years earlier, but the State objected, and the trial court sustained the objection.

After the jury retired to deliberate, the trial court announced that it believed the jury had reached a verdict. The jury was brought in, the jury foreman told the trial court that the jury had arrived at a unanimous verdict, and the trial court announced a guilty verdict for both counts. Both sides requested that the jury be polled. During the polling of the jury, the following exchange occurred:

| | |
|---|---|
| [Trial Court]: | Okay. Thank you. [Juror K], is this your verdict on both counts? |
| [Juror K]: | I was the only one that voted for not guilty but I didn't want to—I was the only one so. |
| [Trial Court]: | But— |
| [Juror K]: | I don't know. |

---

[1] We use initials to protect the identity of the child. *See* TEX. R. APP. P. 9.8(b) & cmt. ("This rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

| | |
|---|---|
| [Trial Court]: | Because I asked if this was a unanimous verdict. |
| [Juror K]: | I know but I didn't want to—I was the only one. So I don't know. |
| [Trial Court]: | So is this your verdict? |
| [Juror K]: | Yes. |
| [Trial Court]: | Okay. On both counts? |
| [Juror K]: | Yes. |
| [Trial Court]: | Okay. Thank you. |
| . . . . | |
| [Trial Court]: | Okay. Counsel, do you have anything at this time before I accept the verdict of the jury? |
| [State]: | No, your honor. |
| [Defense Counsel]: | No, your honor. |
| [Trial Court]: | Okay. I will accept the verdict of the jury in this case. And as you heard the jury has returned a guilty verdict. Therefore, I am ready to discharge you from this case. |

The trial court assessed punishment at twelve years' imprisonment in the Texas Department of Criminal Justice Institutional Division for each count, with the sentences running concurrently.

Rodriguez filed a motion for new trial, arguing that a new trial should be granted (1) based on "jury misconduct [because] the verdict has been decided in a manner other than a fair expression of the jurors' opinion"; (2) because "the court violated [article] 37.05 [of the code of criminal procedure] when polling the jury"; (3) "because of the court's impermissible inquiry of the juror during polling"; and (4) because Rodriguez received ineffective assistance of counsel. Rodriguez attached to his motion an affidavit by Juror

3

K providing that she "became concerned when the Judge unexpectedly started asking each of us individually for our verdict because I was the only one not in agreement and I was not going to lie. I had to speak the truth and that is why I said 'I was the only one who voted not guilty.'" She stated that "[w]hen the judge again asked if this was my verdict, I said 'yes', meaning 'not guilty.'" At the hearing on the motion, Juror K testified that her "first language is Spanish so . . . sometimes it's not as easy." The foreman of the jury also testified at the hearing. He explained that Juror K's answer as to guilt changed from what it was at "the beginning," that at the end Juror K's verdict was guilty, and that he confirmed with her that her verdict was guilty "individually twice." The jury foreman also stated that

> right before I signed off—once we came to the verdict and the form is presented to me to sign off on it, I had everybody in front of me and I told everybody, we all agree? And they said, yes. Everybody—I looked at everybody and that's when I signed it.

The trial court denied the motion, and this appeal followed.

## II.   MOTION FOR NEW TRIAL

By his first issue, Rodriguez argues the trial court "erred in not granting a new trial due to improper polling of the jury, ineffective assistance of counsel in not ensuring proper polling procedures, and the presence of a verdict that is not unanimous/decided in a manner other than a fair expression of the jurors' opinion."

### A.   Standard of Review

We review the trial court's denial of a motion for new trial for an abuse of discretion. *Mata v. State*, 517 S.W.3d 257, 267 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd). A trial court abuses its discretion in denying a motion for new trial when no reasonable view of the record could support the trial court's ruling. *Id.* We view the evidence in the light most favorable to the trial court's ruling and presume that all

4

reasonable factual findings that could have been made against the losing party were made against that losing party. *Coyler v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014).

**B.    Discussion**

Rodriguez first argues that the trial court should have granted him a new trial because, when the jury was polled, "a juror expressly disavowed finding Rodriguez guilty," and therefore, the trial court was required to have the jury retire to deliberate again.

> The State and the defendant each have the right to have the jury polled, which is done by calling separately the name or identification number of each juror and asking the juror if the verdict is truly theirs. If all the jurors, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror answers in the negative, the jury shall retire to again consider its verdict.

TEX. CODE CRIM. PROC. ANN. art. 37.05(a). Polling the jury is used to ensure the unanimity of the jury verdict by establishing that each juror agrees with the verdict as announced. *Williams v. State*, 607 S.W.3d 131, 135 (Tex. App.—Eastland 2020, no pet.). Here, we are essentially dealing with the last portion of the rule: "but if any juror answers in the negative, the jury shall retire to again consider its verdict." *See* TEX. CODE CRIM. PROC. ANN. art. 37.05(a). The threshold application requires at least one juror to give a "no" or negative response. *Llorance v. State*, 999 S.W.2d 866, 869–70 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

However, to preserve error for appeal, Rodriguez was required to object to the trial court's acceptance of the verdict or to Juror K's response and ask that the trial court retire the jury for additional deliberations. *See* TEX. R. APP. P. 33.1; *Llorance*, 999 S.W.2d at 869. Rodriguez failed to do so. As such, this argument has been waived. *See* TEX. R. APP. P. 33.1; *Llorance*, 999 S.W.2d at 869 (concluding the issue was waived because

5

defense counsel did not make timely and specific objection after a juror asked about "what if" situation rather than affirmatively answering that it was his verdict); *see also Bradley v. State*, No. 01-12-00713-CR, 2014 WL 1516183, at *6 (Tex. App.—Houston [1st Dist.] Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding appellant waived any complaint because he failed to object when juror corrected his answer during the second poll from "no" to "yes"); *Adair v. State*, No. 03-11-00318-CR, 2013 WL 6665033, at *5 (Tex. App.—Austin Dec. 12, 2013, no pet.) (mem. op., not designated for publication) (concluding the issue was waived when the defendant did not request a jury poll or otherwise object to any aspect of the district court's procedure confirming the verdict).

Rodriguez also argues that he was entitled to a new trial because the jury was not unanimous. However, the record shows that, even though Juror K initially made statements in the past tense concerning her deliberations as a juror and that she did not "know" whether the finding of guilty was hers, she never unequivocally answered in the negative during the jury poll, as required by article 37.07 for the trial court to order the jury to retire to deliberate again. *See* TEX. CODE CRIM. PROC. ANN. art. 37.05(a) ("[I]f any juror answers in the negative, the jury shall retire to again consider its verdict."). Instead, Juror K's statements reflected that she had *previously* voted to find Rodriguez not guilty during deliberations. And the trial court returned to the proper and only material question: was the verdict before the trial court hers? *See id.*; *Llorance*, 999 S.W.3d at 870. Juror K then stated unequivocally that both verdicts were hers. Again, Rodriguez did not object to the acceptance of the verdict by the trial court on the basis that it was not unanimous or that the jury should retire to deliberate further.

6

Rodriguez argues the trial court should have granted him a new trial because Juror K's affidavit and testimony in support of his motion showed that the verdict was not unanimous. Juror K stated in her affidavit that, when she said "Yes" in response to the trial court's question, she meant that her verdict was not guilty. Juror K testified to the same at the hearing on the motion. Nevertheless, as the exclusive judge of the credibility of the witnesses, the trial court was free to disbelieve this testimony. *See Najar v. State*, No. PD-1049-19, __ S.W.3d __, __, 2021 WL 800768, at *4 (Tex. Crim. App. 2021) ("[E]ven uncontroverted evidence at a motion for new trial hearing may be disbelieved by the trial court."). And a reasonable view of the record supports a conclusion that Juror K communicated to the trial court during the jury poll that she had doubts about Rodriguez's guilt initially but ultimately voted to convict him. *See id.* In particular, the jury foreman explained at the hearing that Juror K's verdict was guilty, and that he confirmed with her that her verdict was guilty "individually twice."[2] The trial court was free to disbelieve Juror K and to believe the jury foreman. *See Avalos v. State*, 850 S.W.2d 781, 784 (Tex. App.—Houston [14th Dist.] 1993, no pet.). Accordingly, we cannot conclude the trial court abused its discretion in denying a new trial based on a non-unanimous jury. *See Coyler*, 428 S.W.3d at 123–25 (noting that "[t]he most common, but disallowed, means to impeach the jury's verdict is the 'disgruntled juror' and that "Rule 606(b) flatly prohibits 'disgruntled juror' evidence either by affidavit or testimony"); *Tompkins v. State*, 869

---

[2] Rodriguez argues the trial court erred in considering the testimony of the foreman of the jury to counter Juror K's testimony. *See* TEX. R. EVID. 606(b). However, as noted, the trial court was free to disbelieve Juror K without considering the foreman's testimony. *See Najar v. State*, No. PD-1049-19,__ S.W.3d __, __, 2021 WL 800768, at *4 (Tex. Crim. App. 2021). Furthermore, the foreman's testimony that Juror K voted guilty did not violate rule 606(b). *See* TEX. R. EVID. 606(b) ("During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment.").

S.W.2d 637, 640 (Tex. App.—Eastland 1994), *pet. dism'd improvidently granted*, 888 S.W.2d 825 (Tex. Crim. App. 1994) ("The record shows that, when the jury was polled, [the juror] announced in open court that she voted 'guilty.' Her private reservations do not cancel the legal effect of her vote; consequently, there was a unanimous verdict finding appellant guilty.").

Rodriguez argues next that the trial court acted improperly in its exchange with Juror K during the poll, coercing Juror K into saying the guilty verdict was hers. We are not persuaded. It is true that a trial judge could easily slip into error if he or she were to engage in judicial coercion, tampering with the jury process, commenting on the weight of the evidence, giving additional instructions of law on the offense or facts, communicating with the jurors other than in writing, or inquiring into the jury deliberative process. *Llorance*, 999 S.W.2d at 870; *see, e.g.*, *Barnett v. State*, 189 S.W.2d 272, 276–78 (Tex. Crim. App. 2006) (concluding trial court's actions were coercive when it told two hold-out jurors during polling that "we do have a problem with both of you" and asking them if they would be able to change their vote). However, no such impermissible conduct occurred here; therefore, we reject this argument. *See Llorance*, 999 S.W.2d at 870 ("We hold that the trial judge is charged by article 37.05 to use reasonable means to ask and ascertain from each juror if the verdict is his or hers."); *see also Bradley*, 2014 WL 1516183, at *6 ("Appellant did not object after [the juror] corrected his answer during the second poll from 'no' to 'yes,' and appellant did not ask the trial court to retire the jury for additional deliberations. Appellant has thus waived any complaint for appellate review.").

Finally, Rodriguez argues that the trial court should have granted him a new trial because his defense counsel rendered ineffective assistance by failing to object to the

entry of the verdict after the interchange between the trial court and Juror K during the jury poll.

A defendant in a criminal prosecution has a Sixth Amendment right to the effective assistance of counsel. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI; TEX. CONST. art. I, § 10). We employ the United States Supreme Court's two-pronged *Strickland* test to determine whether counsel's representation was inadequate so as to violate a defendant's Sixth Amendment right. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *see Strickland v. Washington,* 466 U.S. 668, 687 (1984). Under that test, to prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that: (1) counsel's performance fell below the standard of reasonableness under prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficiency, taking into account the totality of the evidence before the judge or jury, the result of the trial would have been different. *Ex parte Martinez*, 330 S.W.3d 891, 900–01 (Tex. Crim. App. 2011). Failure to show either deficient performance or sufficient prejudice under *Strickland* defeats a claim for ineffective assistance. *Thompson*, 9 S.W.3d at 813.

Trial counsel is not ineffective for failing to make futile objections. *Peek v. State*, 494 S.W.3d 156, 164 (Tex. App.—Eastland 2015, pet. ref'd); *Wood v. State*, 4 S.W.3d 85, 91 (Tex. App.—Fort Worth 1999, pet. ref'd). To prevail on a claim of ineffective assistance for failing to make an objection, an appellant must show that the trial court would have erred in overruling the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *Peek*, 494 S.W.3d at 164.

Here, even if Rodriguez's counsel had objected, the trial court would not have erred in overruling the objection because, while Juror K initially made statements concerning her deliberations as a juror and stated she did not "know" whether the guilty verdict was hers, she never unequivocally stated during the jury poll that the verdict was not hers, as required by article 37.05. *See* TEX. CODE CRIM. PROC. ANN. art. 37.05(a). It was reasonable for counsel to presume, based on Juror K's testimony during the jury poll, that Juror K initially voted to acquit but ultimately "didn't want to" do so because "she was the only one." Based on this record, we cannot conclude that trial counsel was ineffective for failing to make a futile objection. *See id.*; *Peek*, 494 S.W.3d at 164.

Rodriguez's first issue is overruled.

### III.  CROSS EXAMINATION

By his second issue, Rodriguez argues that the trial court erred when it prevented him from questioning M.V. about her filing for bankruptcy years before her child's allegations.

The Constitutional right of confrontation is violated when appropriate cross examination is limited. *Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). The scope of appropriate cross examination is necessarily broad. *Id.* A defendant is entitled to pursue all avenues of cross examination reasonably calculated to expose a motive, bias, or interest for the witness to testify. *Id.* Nonetheless, the trial judge retains wide latitude to impose reasonable limits on cross examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010). "Relevant evidence" is "evidence having any tendency

10

to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401; *Nassouri v. State*, 503 S.W.3d 416, 423 (Tex. App.—San Antonio 2016, no pet.).

Here, the State questioned M.V. about her meetings with an attorney about filing a civil lawsuit related to this case, and M.V. explained that she met with an attorney "like three months" after the incident because she wanted the "swimming place" to pay for her child's counseling. M.V. stated that she just "left everything alone" and that no suit was ever filed. During cross examination, Rodriguez questioned M.V. about her meeting with the attorney and about whether she had ever filed a lawsuit or a claim. When Rodriguez asked M.V. about whether she had filed a "Chapter 7" claim for bankruptcy in 2001, the State objected on the basis that it was irrelevant, and defense counsel stated that he was inquiring because of "motive." The trial court sustained the State's objection. On appeal, Rodriguez argues that the questioning was needed because "it goes to motive and that she was trying to recover money."

The Chapter 7 bankruptcy filing about which Rodriguez sought to question M.V. about occurred over thirteen years before the incident involving Rodriguez. We cannot conclude the trial court abused its discretion in determining this was not relevant because it was remote in time, and Rodriguez did not articulate how it was relevant to M.V.'s alleged financial motive. *See Arroyo v. State*, 259 S.W.3d 831, 835 (Tex. App.—Tyler 2008, pet. ref'd) ("[T]he proponent of a vein of cross examination must show the relevancy of the questions."). And to the extent Rodriguez sought to show M.V. had a possible financial motive, we note that he was allowed to cross-examine M.V. about her meeting with the attorney and whether she had filed a lawsuit or a claim. We conclude the trial

11

court did not abuse its discretion in preventing Rodriguez from questioning about a possible bankruptcy filing during cross examination.

We overrule Rodriguez's second issue.

## IV. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
22nd day of April, 2021.