

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| LATOYA RENEE HENDERSON, | § | No. 08-21-00174-CR |
|---|---|---|
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 3 |
| THE STATE OF TEXAS, | § | of Ellis County, Texas |
| Appellee. | § | (TC# 1911450CR) |

## **O P I N I O N**

A jury convicted Appellant Latoya Renee Henderson of one count of possession of marihuana in an amount less than or equal to two ounces. The jury assessed a $300 fine as punishment. Appellant challenges that conviction, raising two issues: (1) the evidence is legally insufficient to support her conviction; and (2) the trial court erred by failing to send the jury back to further deliberate after one juror said he "ha[d] a problem" when the jury was polled. For the following reasons, we affirm.

## I. BACKGROUND

At trial, Officer Aaron Brasher of the Waxahachie Police Department testified that he was on patrol in a marked police vehicle in Waxahachie, Texas.[1] He observed a sedan traveling above

---

[1] This case was transferred from our sister court in Waco, and we decide it in accordance with the precedent of that

the posted speed limit. After initiating a traffic stop, he made contact with the driver and owner of the sedan, later identified as Appellant. An adult male, an adult female, and two juvenile males were also present in the vehicle.

Officer Brasher "almost immediately" observed what he believed to be a marihuana cigarette (also referred to in the record as a "blunt") in the sedan's center console in plain view. Officer Brasher called for backup but did not immediately call attention to the blunt, reasoning that doing so could unnecessarily escalate the situation before the backup unit arrived. Officer Brasher knew that the substance was marihuana because:

> "[i]t was a green leafy substance rolled in a brown cigar which is commonly seen when someone will take up a cigar paper and empty out the brown bag of leaves that are in there, and then they add the green leafy substance which is marihuana to it. That's what I observed."

Officer Brasher also testified that he knew that the substance was marihuana because at that point in his career he had made several marihuana-related arrests and had often been around marihuana slated for destruction by the police department's evidence division. Officer Brasher did not recall smelling the odor of marihuana while he stood outside the vehicle. Due to the blunt's location in the sedan's center console, Officer Brasher believed that the blunt was readily accessible to Appellant, who was seated in the driver's seat.

While Officer Brasher was getting Appellant's information, a second officer arrived and observed Appellant throw something out of the sedan's window. The second officer informed Officer Brasher of this fact, and Officer Brasher noticed that the blunt was no longer present in the center console. Assuming that Appellant had thrown the blunt out the window, Officer Brasher asked the other officer to remove Appellant from the vehicle and handcuff her. After Officer

---

court to the extent required by TEX.R.APP.P. 41.3.

Brasher read Appellant the *Miranda* warnings,[2] Appellant admitted that she had placed the blunt inside her wallet located in her purse or handbag.

Once Appellant verbally acknowledged to Officer Brasher that the substance was marihuana, he searched the sedan and located a purse in the front seat area. Officer Brasher opened a wallet inside the purse and found the blunt that he had previously seen in the sedan's center console. He arrested Appellant, booked her into jail, and weighed the marihuana at the police station, which yielded a weight of 0.034 ounces, including the associated packaging material. While he was weighing the marihuana, Officer Brasher recalled that the substance did not smell like marihuana, but later clarified that in his experience, marihuana does not always produce an identifiable odor. Officer Brasher then placed the seized marihuana into a sealed envelope and deposited the envelope in the police department's evidence locker. Officer Brasher did not conduct a laboratory test on the substance to confirm that it was marihuana because he did not have authority to do so.

At trial, the trial court admitted the video footage of the encounter and the weighing of the marihuana from Officer Brasher's bodycam, as well as the sealed envelope containing the marihuana seized from Appellant's purse. Appellant challenged Officer Brasher on cross-examination on how he knew that the substance was marihuana. Officer Brasher responded that based on his training and experience, he believed that the blunt contained marihuana because he could see a green, leafy substance sticking out of the blunt. He also opined that the amount of marihuana was sufficient for personal use. He also testified that he did smell the odor of marihuana when he transported the envelope to trial while in the confined space of his vehicle.

The jury found Appellant guilty of the charged offense and assessed a $300 fine as

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

punishment. This appeal follows.

## II. DISCUSSION

Appellant challenges her conviction in two issues, arguing that: (1) the evidence is legally insufficient to support her conviction for the charged offense; and (2) during the trial court's polling of the jurors regarding their verdicts, the court erred by failing to instruct the jury to engage in further deliberations after one of the jurors announced that there was a "problem" with his verdict. We consider each issue in turn.

### A. The Evidence is Legally Sufficient to Support Appellant's Conviction

#### 1. *Standard of review and applicable law*

The Fourteenth Amendment guarantee of due process requires that every conviction must be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315-16 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). In a legal sufficiency challenge, we focus solely on whether the evidence, when viewed in the light most favorable to the verdict, would permit *any* rational jury to find the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19; *Brooks*, 323 S.W.3d at 912 (establishing legal sufficiency under *Jackson v. Virginia* as the only standard for review of the evidence).

Applying that standard, we recognize that our system designates the jury as the sole arbiter of the credibility and the weight attached to the testimony of each witness. *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex.Crim.App. 2020); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). Only the jury acts "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 319. In doing so, the jury may choose to believe or disbelieve that testimony. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App.

4

2008). The jury remains at liberty to believe "all, some, or none of a witness's testimony." *Metcalf*, 597 S.W.3d at 855. When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *Dobbs*, 434 S.W.3d at 170, *citing Jackson*, 443 U.S. at 319.

We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson.*" *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). However, "[w]e are not to sit as a thirteenth juror reweighing the evidence or deciding whether we believe the evidence established the element in contention beyond a reasonable doubt[.]" *Blankenship v. State*, 780 S.W.2d 198, 207 (Tex.Crim.App. 1988). Instead, "we test the evidence to see if it is at least conclusive enough for a reasonable factfinder to believe based on the evidence that the element is established beyond a reasonable doubt." *Id.*, *citing Jackson*, 443 U.S. at 318.

As it pertains to this case, a person commits a Class B misdemeanor offense of possession of marihuana if she knowingly or intentionally possesses marihuana in an amount less than or equal to two ounces. TEX.HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(1). The State had the burden to prove (1) a person (2) did knowingly or intentionally (3) possess (4) a usable quantity of (5) marihuana, and (6) in an amount possessed in ounces as set forth in statute. *State v. Perez*, 947 S.W.2d 268, 271 n.6 (Tex.Crim.App. 1997), *citing Lejeune v. State*, 538 S.W.2d 775, 777 (Tex.Crim.App. 1976).

Appellant challenges two of these elements, arguing that the State failed to prove that: (1) the substance seized from her purse was marihuana, given that Officer Brasher testified he did not detect the odor of marihuana at the time he seized the contraband or weighed it; and (2) the State failed to prove that the amount of marihuana Appellant possessed was of a usable quantity. For

5

the following reasons, we find both contentions to be without merit.

## 2. *Legally sufficient evidence supports that the substance was marihuana*

The State may prove that a substance is marihuana through direct or circumstantial evidence, including a qualified police officer's opinion testimony and the characteristics of the substance. *Carmouche v. State*, 540 S.W.2d 701, 703 (Tex.Crim.App. 1976); *see also Osbourn v. State*, 92 S.W.3d 531, 538 (Tex.Crim.App. 2002) ("Unlike other drugs that may require chemical analysis, marihuana has a distinct appearance and odor that are familiar and easily recognizable to anyone who has encountered it."). And an officer's testimony that he or she is able to recognize marihuana through training and experience as an officer may be sufficient, by itself, to prove that a substance was marihuana. *See Deshong v. State*, 625 S.W.2d 327, 329-30 (Tex.Crim.App. [Panel Op.] 1981); *Curtis v. State*, 548 S.W.2d 57, 59 (Tex.Crim.App. 1977).

Here, Officer Brasher testified that he had undergone training in recognizing controlled substances when he was attending the police academy. Moreover, Officer Brasher testified that he had prior experience in recognizing marihuana through several arrests and through his prior experience in the police property room during the routine destruction of evidence. Based on this training and experience, Officer Brasher testified that he believed that the green, leafy substance that he seized from Appellant's purse was marihuana. In addition, the State introduced the seized substance into evidence, and Officer Brasher and his bodycam's footage established that Appellant admitted to him that the substance in her purse was marihuana.

Officer Brasher's testimony that he could not detect the odor of marihuana at the time of the arrest at best creates a conflict in the testimony that the jury had to resolve. On this record, we defer to the jury's resolution of this issue. And the remaining evidence also well supports the conclusion that the blunt contained marihuana. *See Kimberlin v. State*, No. 05-02-02020-CR,

2004 WL 1110523, at *1-2 (Tex.App.--Dallas May 19, 2004, no pet.) (not designated for publication) (holding that the State proved that a substance was marihuana when it introduced the substance into evidence at trial, even when an officer testified that he did not detect an odor of marihuana coming from the passenger compartment of a vehicle from which the substance was seized); *see also Deshong*, 625 S.W.2d at 329-30 (holding that an officer's testimony that a seized substance was marihuana was sufficient evidence to prove that the substance was marihuana); *Capuano v. State*, No. 05-04-01832-CR, 2006 WL 321964, at *3-4 (Tex.App.--Dallas Feb. 13, 2006, no pet.) (not designated for publication) (an officer's testimony that he believed a substance was marihuana, along with a defendant's admission that a substance was marihuana, constituted legally sufficient evidence to establish that the evidence was marihuana).

3. *Legally sufficient evidence shows that Appellant possessed a usable quantity of marihuana*

A "usable quantity" is "an amount sufficient to be applied to the use commonly made thereof." *Smith v. State*, 620 S.W.3d 445, 455 (Tex.App.--Dallas, no pet.), *citing Moore v. State*, 298 S.W.2d 171, 173 (Tex.Crim.App. 1977). A usable quantity can be proved by circumstantial evidence or inferences drawn from the evidence of the amount of marihuana possessed. *See Williams v. State*, No. 01-08-00936-CR, 2010 WL 2220586, at *8 (Tex.App.--Houston [1st Dist.] June 3, 2010, pet. ref'd) (mem. op., not designated for publication), *citing Perez*, 947 S.W.2d at 271 n.6. Courts have rejected the notion that the State must prove that a defendant possessed some specific quantity of marihuana to constitute a usable quantity; rather, it can be sufficient to admit the seized marihuana into evidence so that the fact finder may examine the actual marihuana and make its own determination about whether the amount is usable. *See, e.g.*, *Kimberlin*, 2004 WL 1110523, at *2. The State may also prove that the amount of marihuana seized was usable through an officer's testimony to that effect. *Williams*, 2010 WL 2220586, at *10. Here, the

7

State did both. It presented Officer Brasher's testimony that a blunt is a commonly used method of smoking marihuana. He further opined that the amount of marihuana seized was of a usable quantity. Finally, the State admitted into evidence the marihuana seized from Appellant's wallet, which according to Officer Brasher, yielded a weight of 0.034 ounces. As such, the jury not only heard Officer Brasher's testimony that he believed the marihuana was of a usable quantity, but the jury was also afforded the opportunity to examine the marihuana for itself.

Again, the jury was free to accept or reject Officer Brasher's testimony that the amount of marihuana was usable, and the jury was also free to examine the marihuana and make that determination. We conclude that a rational jury could have found beyond a reasonable doubt that the State proved that the marihuana seized from Appellant's purse was of a usable quantity, and legally sufficient evidence therefore supports this element of the charged offense. *See Williams*, 2010 WL 2220586, at \*10 (holding that legally sufficient evidence established that the defendant possessed a usable quantity of marihuana where the State introduced the marihuana into evidence and allowed the jury to examine the quantity of marihuana).

Appellant's Issue One is overruled.

**B.  Whether the Trial Court Should Have Ordered Further Deliberations is not Preserved for our Review**

Finally, we address whether the trial court erred when polling the jury by failing to require the jury to deliberate further when one of the jurors stated that he "ha[d] a problem" when asked if his verdict was guilty. *See* TEX.CODE CRIM.PROC.ANN. art. 37.05(a) ("The State and the defendant each have the right to have the jury polled, which is done by calling separately the name or identification number of each juror and asking the juror if the verdict is the juror's. If all jurors, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror answers in the negative, the jury shall retire again to consider its verdict.").

8

But before reaching the merits of that claim, we first address whether it is properly preserved for our review. *See Mays v. State*, 285 S.W.3d 884, 889 (Tex.Crim.App. 2009) (it is incumbent upon a reviewing court to address error preservation as a threshold issue).[3] An appellate complaint is properly preserved for our review by a party's timely and specific request, objection, or motion in the trial court. TEX.R.APP.P. 33.1(a). This preservation requirement applies to appellate complaints regarding a trial court's alleged failure to comply with article 37.05. *See Barnett v. State*, 189 S.W.3d 272, 277 (Tex.Crim.App. 2006); *Dorsey v. State*, No. 14-14-00718-CR, 2015 WL 6492995, at *3 (Tex.App.--Houston [14th Dist.] Oct. 27, 2015, pet. ref'd) (mem. op., not designated for publication).

The record shows that following its deliberations, the jury foreperson announced that the jury had reached a unanimous verdict. The trial court read the verdict form, which indicated that the jury had returned a guilty verdict on the charged offense of possession of marihuana in an amount less than or equal to two ounces. After the trial court read the jury's verdict form, defense counsel requested the trial court to poll the jury. When the trial court asked each of the jurors whether their verdict was guilty, Juror Flores stated, "I have a problem." The trial court responded, "I'm sorry? Yes, sir," and continued to ask the remaining jurors about their verdicts.[4] Defense counsel stated that she "didn't hear the answer because one of the jurors says he has a problem," and the trial court responded, "He may have a problem, but he said 'yes, sir.'" Defense counsel responded, "Okay. I didn't hear that part. Thank you," and the court and parties began

---

[3] The State's brief argues this issue is not preserved for our review. Appellant did not file a reply brief responding to that claim.

[4] Appellant's Brief on the Merits raises the prospect that the Reporter's Record may have been in error and that the "Yes, sir" was not from the Judge, but from Juror Flores. And if so, her brief suggests that the "Yes, sir" could have simply been an acknowledgment of the inquiry from the trial judge, and not a response to the jury poll. The State responds that we cannot resolve this quandary due to the lack of a timely objection.

discussing the punishment phase of trial.

Defense counsel later raised the issue again, contending that "the juror was visibly upset, and . . . he said he had a problem." Defense counsel acknowledged that "his vote was for yes" but also stated the juror's statement and body language "could" indicate a "descent" [sic]. Defense counsel requested the trial court to conduct a further inquiry into the matter to "make a record with that juror to establish what the actual problem was." The trial court stated, "I'm just going to leave it alone. I'm not going to touch it at all. So anything else?" Defense counsel replied, "Nothing further, your honor."

As such, the record indicates that when the trial court initially stated that Juror Flores's answer was "guilty," defense counsel accepted that answer and the court and parties began discussing other issues. And when defense counsel later raised the issue, she conceded that Juror Flores's "vote was for yes." Although she requested that the trial court make inquiry into what Juror Flores's problem was, she did not ask the jury to engage in further deliberations. Appellant's issue on appeal asks whether the trial court abused its discretion in failing to send the jury back to deliberate after a juror answered other than in the affirmative. Given the lack of a timely or specific request for the jury to further deliberate (as distinct from a request to make a record on what the juror's problem was) we conclude that Appellant's claim that the trial court should have had the jury further deliberate is not preserved for our review and is waived. *See* TEX.R.APP.P. 33.1(a); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990) ("An objection stating one legal basis may not be used to support a different legal theory on appeal."); *Penry v. State*, 903 S.W.2d 715, 729 (Tex.Crim.App. 1995) (same). Even at that, the juror never gave a definitive negative response to the jury poll, and the record while imperfect, suggests the opposite. Accordingly, we cannot conclude that article 37.05 was triggered to require the trial court to order

10

further deliberations. *See Llorance v. State*, 999 S.W.2d 866, 869 (Tex.App.--Houston [14th Dist.] 1999, no pet.) (juror's "what if" questions did not amount to a "no" response for jury poll so as to trigger article 37.05).

Appellant's Issue Two is overruled.

## III. CONCLUSION

The trial court's judgment is affirmed.

JEFF ALLEY, Justice

August 17, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)